**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-2571 (CKK) |
| ALABAMA RIVERS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-2623 (CKK) |

**ORDER**
(September 16, 2026)

This matter comes before the Court on the Unopposed Motions to Intervene as Defendants, filed by the American Gas Association, American Petroleum Institute, Interstate Natural Gas Association of America, and Liquid Energy Pipeline Association ("NWP 12 Coalition"). These Motions are docketed at Dkt. Nos. 12 and 18 in Case Nos. 26-cv-2571 and 26-cv-2623, respectively. The NWP 12 Coalition represents that Plaintiffs do not oppose its motions, and that Defendants take no position with regard to its motions.

Upon consideration of the Unopposed Motions to Intervene as Defendants, and there being no opposition to the motions, the Court HEREBY ORDERS THAT the Motions are **GRANTED**. "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Here, the NWP 12 Coalition's motions are timely. Second, the NWP 12 Coalition has cognizable interests that may be impaired or impeded by this litigation, given their members' reliance on Nationwide Permit 12, issued by the U.S. Army Corps of Engineers, for the authorization of discharges relating to oil and natural gas facilities. Finally, the NWP 12 Coalition's interests are not adequately represented by the existing parties, given that the Government represents the broader public interest, while the NWP 12 Coalition seeks to protect the narrower interests of the energy industry. *See Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) ("[T]he appellants' interest is more narrow and focused than EPA's, being concerned primarily with the regulation that affects their industries.").

It is further ORDERED that Intervenors shall comply with all existing scheduling orders and other orders previously entered in these cases unless otherwise ordered by the Court.

It is further ORDERED that counsel for Intervenors must CONFER with counsel for Defendants before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated manner. Any separate filings from Intervenors must include a Certificate of Compliance with the conference requirement and a statement that the issues raised by Intervenors are not adequately covered by Defendants' position.

It is further ORDERED that Intervenors may not assert counterclaims or otherwise expand the scope of these cases without first obtaining leave of the Court.

The Clerk of the Court is respectfully directed to docket American Gas Association, American Petroleum Institute, Interstate Natural Gas Association of America, and Liquid Energy Pipeline Association as Defendant-Intervenors in Case Nos. 26-cv-2571 and 26-cv-2623.

**SO ORDERED.**

**Dated:** September 16, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge