**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, FRIENDS OF THE EARTH U.S., WATERKEEPER ALLIANCE, INC., and MONTANA ENVIRONMENTAL INFORMATION CENTER,

Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL WILLIAM H. GRAHAM, JR., in his official capacity as Chief of the U.S. Army Corps of Engineers,

Defendants,

and

AMERICAN GAS ASSOCIATION, AMERICAN PETROLEUM INSTITUTE, INTERSTATE NATURAL GAS ASSOCIATION OF AMERICA, LIQUID ENERGY PIPELINE ASSOCIATION,

Defendant-Intervenors.

Case No. 1:26-cv-02571-CKK

# MOTION FOR RELIEF FROM DUTY TO FILE ANSWER AND FROM LOCAL RULE 7(N)(1)

## I. Introduction

This is one of two related cases currently before this Court that challenge the U.S. Army Corps of Engineers' ("Corps") Nationwide Permit 12 ("NWP 12"). *See Al. Rivers Alliance, et al. v. U.S. Army Corps of Eng'rs, et al.*, 1:26-cv-02623-CKK (D.D.C.). Currently, the Corps must serve answers to the two complaints by October 5, 2026 and file a certified list of the contents of its administrative record with the Court within 30 days thereafter, or by November 4, 2026. *See* LCvR 7(n)(1).

To conserve party resources and promote efficient and expeditious resolution of the cases—and in light of the workload constraints currently facing the Corps and its trial counsel—Defendants respectfully request that the Court relieve them of the requirement to serve answers to the complaints, and also from LCvR 7(n)(1)'s requirement to file a certified list of the contents of its administrative record by November 4, 2026. Combined, the complaints in the two cases assert a total of 449 distinct paragraphs of allegations across 112 pages. And yet, the burdensome exercise of responding to these allegations will provide little, if any, benefit because judicial review of Plaintiffs' claims in the cases is governed by the Administrative Procedure Act ("APA"). *See, e.g.*, *Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The ' entire case' on review is a question of law" ). For these reasons, courts in this District have dispensed with answers in APA cases. Because no facts are in dispute in APA cases, courts resolve them on cross-motions for summary judgment, without trial.

Relieving Defendants of their obligation to answer the complaints will ease workload constraints currently facing the Corps and its trial counsel and allow the Corps to focus its resources on preparing the administrative record. Indeed, the Corps' record for NWP 12 will be voluminous, and the Corps cannot complete the amount of work that is required by November 4, 2026. Defendants request that, if the Court relieves them of their obligation to serve answers to the complaints, it set a deadline of November 16, 2026, for filing a certified list of the contents of its administrative record.

Should the Court decline to relieve Defendants of their obligation to answer the complaints, they request that the Court extend the deadline to serve answers in each case from October 5 to October 23, 2026. This would extend the requirement under LCvR 7(n)(1) to file a certified list of the contents of its administrative record to November 23, 2026. Such an extension would be warranted due to the length and complexity of the complaints and the amount of work required to compile the administrative record, and in light of the Corps' and its trial counsel's workload constraints. Given the

impending October 5 deadline for serving answers to the complaint, Defendants respectfully request that the Court expedite its consideration of this motion.

Defendants were previously granted a two-week extension of the answer deadline in this case, but they have not sought a previous extension of the answer deadline in *Alabama Rivers*, No. 26-cv-02623-CKK. Relieving Defendants of their obligation to answer the complaints (or extending the deadline for doing so) and from the requirements of LCvR 7(n)(1) would not affect any other previously set deadlines in either case. Pursuant to LCvR 7(m), undersigned counsel for Defendants has conferred with counsel for Defendant-Intervenors and for Plaintiffs in each of the related cases. Defendant-Intervenors consent to this motion. Plaintiffs requested that their position be represented as follows: "Plaintiffs oppose the motion, but would not oppose a second extension of the answer deadline to October 16, 2026, which would extend the deadline for filing the administrative record to November 16, 2026 pursuant to Local Rule 7(n)(1)."

However, as explained below, good cause exists for granting Defendants' requested relief, which would conserve party resources and promote efficient and expeditious resolution of these matters. *See* Fed. R. Civ. P. 1.

## II. Argument

### A. The Court Should Relieve Defendants of their Obligation to Service Answers to the Complaints

Relieving Defendants of their obligation to serve answers to the complaints is consistent with the first rule of civil procedure, which directs courts to promote the "just, speedy, and inexpensive determination" of actions. Fed. R. Civ. P. 1. Indeed, courts in this District have granted such relief in APA cases. *See, e.g.*, *Wintu Tribe of N. Ca. v. Dep't of Interior*, No. 1:25-cv-00329 (D.D.C.), Order Staying Defs.' Answer and Entering Briefing Schedule for Summ. J. (ECF 33); *Lytton Rancheria of California v. Dep't of Interior*, No. 1:25-cv-535-CJN (D.D.C. May 30, 2025), Minute Order Granting Joint Mot. to Waive Fed. Defs.' Duty to File an Answer to Pls.' Compl.; *Green Oceans v. U.S. Dep't of the Interior*, No.

1:24-cv-141-RCL (D.D.C. Aug. 1, 2025), Order Granting Relief from Filing Answer (ECF 85). These rulings are in accord with this District's recognition that judicial review of agency action under the APA is a unique procedure; the Local Rules do not require statements of undisputed facts to be submitted with summary judgment motions in APA cases because, in such cases, "the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record." Comment to Local Civ. R. 7(h). In short, under the APA's standard of judicial review, there is no benefit to requiring Defendants to admit or deny allegations in a complaint that are not—and cannot—be a part of the Court's inquiry. *See, e.g., Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents"); *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself"); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (materials that are neither evidence considered by agency decision makers nor the agency's explanation for its decision are immaterial to APA review); *Ass'n of Priv. Sector Colleges & Universities v. Duncan*, 681 F.3d 427, 441 (D.C. Cir. 2012) (courts are "limited to assessing the record that was actually before the agency").

Dispensing with a federal agency's obligation to answer the complaint recognizes that judicial review of federal agency action is different in both nature and scope from the procedures used in ordinary civil litigation to find facts. Indeed, the Tenth Circuit eliminated the requirement for answers in APA cases more than three decades ago. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (noting that initiating a case by filing a complaint, conducting discovery, and using the normal burden shifting for Rule 56 motions for summary judgment is "inconsistent with the standards for judicial review of agency action under the APA"); *accord N. New Mexicans Protecting Land Water & Rts. v. United States*, 2015 WL 8329509, at *9 (D.N.M. Dec. 4, 2015) ("It is true that the United

States could, in APA cases, not respond at all to a complaint or a petition for review of agency action").

The First Circuit has similarly observed:

> Allowing the allegations of a complaint [in an APA case] to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision

*Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013).

Here, instead of the Corps devoting its resources to answering a combined total of 449 distinct paragraphs of allegations across 112 pages of complaints in the two cases—answers that will not be part of this Court's consideration in this case and that otherwise would provide little or benefit—the Corps should devote its resources to compiling its administrative record, which is a labor-intensive and time-consuming exercise in its own right. As noted above, the Corps requests relief from the requirement in LCvR 7(n)(1) to file a certified list of the contents of its administrative record by November 4, 2026, as the amount of work that is required cannot be completed by that date.

### B. The Court Should Relieve Defendants of the Obligation to Serve Answers, But If It Does Not, It Should Grant an Extension of the Answer Deadline

As noted above, answering the complaints in the two related cases will require Defendants to respond to a combined total of 449 distinct paragraphs of allegations across 112 pages. Given the number and complexity of the issues raised in the complaints and the workload constraints of Defendants' trial and agency counsel, there is good cause to grant a modest extension of the deadline in each case from October 5 to October 23, 2026. Under LCvR 7(n)(1), that would make November 23, 2026 the deadline for filing a certified list of the contents of its administrative record.

## III. Conclusion

For the reasons explained above, the Court should relieve Defendants of the requirement to answer the complaint in each of the related cases and set a deadline of November 16, 2026 to file a certified list of the contents of its administrative record. Should the Court not relieve Defendants of

their obligation to answer the complaints, however, Defendants respectfully request that the Court extend the deadline for a responsive pleading in each case until October 23, 2026, which would make November 23, 2026 the deadline to file a certified list of the contents of its administrative record. A proposed order is attached.

Dated: September 24, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

/s/ *Robert P. Williams*
ROBERT P. WILLIAMS
Sr. Trial Attorney (SBN 474730 (DC))
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0210 | Fax: (202) 305-0275
Email: robert.p.williams@usdoj.gov

***Attorneys for Defendants***