**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN GAS ASSOCIATION, *et al.*,<br><br>*Defendant-Intervenors.* | Civil Case No. 1:26-cv-02571-CKK |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM DUTY TO FILE ANSWER AND FROM LOCAL RULE 7(N)(1)**

## INTRODUCTION

Plaintiffs Center for Biological Diversity, Sierra Club, Friends of the Earth, Waterkeeper Alliance, and Montana Environmental Information Center, by and through their undersigned counsel, respectfully oppose federal Defendants' Motion for Relief from Duty to File Answer and from Local Rule 7(n)(1), ECF No. 18.

Plaintiffs have already agreed to a two-week extension for Defendants' Answer — to October 5, 2026 — which this Court granted on September 14, 2026. Plaintiffs have further indicated their willingness to agree to an additional extension to October 16, 2026, to accommodate Defendants' counsel's "workload constraints." However, Defendants now ask this Court for the extraordinary remedy of relieving them of their obligation under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to answer the Complaint altogether.

Defendants provide no pertinent authority for such relief, nor any compelling reasons for avoiding filing an Answer. Accordingly, and for the reasons set forth further below, Defendants' motion should be denied.

## ARGUMENT

### I. No Authority Supports Relieving Defendants of the Duty to Answer the Complaint.

Plaintiffs in this case challenge the U.S. Army Corps of Engineers' ("Corps") issuance of Nationwide Permit 12 ("NWP 12"), a general permit that authorizes the construction of oil and gas pipelines through rivers, streams, and wetlands across the country, for violations of the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), and the Administrative Procedure Act ("APA").[1]

Because this case challenges federal agency action under federal laws, the procedural rules that govern this case are those contained in the Federal Rules of Civil Procedure and the local civil rules of this Court ("Rules"). *See United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023) ("The Federal Rules are the default rules in civil litigation . . . ."). Accordingly, Defendants are required to file an Answer to Plaintiffs' Complaint that complies with Rules 8(b) and 12(a).

Defendants' assertion that an Answer is unnecessary because this case involves judicial review under the APA conflates the scope of the Court's review with the procedural function of a responsive pleading. *See* Mot. at 3–4, ECF No. 18. Even where judicial review is confined to the

---

[1] Because neither the ESA, NEPA, nor CWA specifies a standard of review for agency actions, the APA's standard of review applies. *See Nat'l Ass'n of Home Builders v. Norton*, 415 F.3d 8, 13 (D.C. Cir. 2005). The APA requires that the Court "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

administrative record, an Answer serves the ordinary and useful function of identifying the allegations Defendants admit, deny, or lack sufficient information to address and the affirmative defenses on which they intend to rely. *See* Fed. R. Civ. P. 8(b), (c). Those functions are not rendered meaningless simply because the Court will not conduct a trial or resolve factual disputes outside the administrative record.

Nothing in the Rules supports Defendants' contention that an Answer is not required in a challenge to agency action under the APA. And while Defendants point to a few situations in which courts allowed the deferral of an Answer, those situations are inapposite here. *See* Mot. at 3–4, ECF No. 18. Indeed, the three district court cases Defendants rely on involved either joint or unopposed motions, which may have been warranted under the specific circumstances of those cases. *See Wintu Tribe of N. Ca. v. Dep't of Interior*, No. 1:25-cv-00329 (D.D.C.), Unopposed Mot. to Stay Defs.' Ans. to Cplt. and Enter Briefing Sched. for Summ. J. (ECF No. 32); *Lytton Rancheria of Cali. v. Dep't of Interior*, No. 1:25-cv-535 (D.D.C. May 30, 2025), Joint Mot. to Waive Fed. Defs.' Duty to File an Answer to Pls.' Compl. (ECF No. 11); *Green Oceans v. Dep't of Interior*, No. 1:24-cv-41 (D.D.C. Aug. 1, 2025), Unopposed Mot. for Relief from Obligation to File Ans. (ECF No. 83). That is not the case here, and there does not appear to be a single instance of a court in this district relieving the government of answering a complaint, as required by the rules, over a plaintiff's objection.[2]

[2] Defendants also rely on dicta from *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013), but that case dealt with a situation where the parties attempted to litigate an APA case solely on the pleadings, without the administrative record. That is not the situation in this case, which will be decided on motions for summary judgment relying on undisputed facts in the administrative record. *See, e.g.*, *Ctr. for Biological Diversity v. Zeldin*, 171 F.4th 356, 376 (D.C. Cir. 2026). Thus, Defendants' motion has no legal basis.

Even assuming arguendo that APA litigation does not require a formal Answer (it does), Defendants' argument that an Answer provides "no benefit" to judicial review under the APA, *see* Mot. at 4, ECF No. 18, is a different proposition—and an incorrect one. The Rules themselves assign significance to a defendant's responsive pleading: Rule 8(b) requires a defendant to respond to factual allegations, and Rule 8(b)(6) provides that an allegation is admitted if it is not denied when a responsive pleading is required. Rule 8's requirements, thus, serve the straightforward function of identifying the allegations Defendants admit, deny, or lack sufficient information to address, as well as the affirmative defenses on which Defendants intend to rely. *See* Fed. R. Civ. P. 8(b), (c). That function has practical significance even where, as here, the Court's review is guided by the APA's standard of review and informed by the administrative record.

Indeed, in *Gulf Restoration Network v. U.S. Environmental Protection Agency*, the court rejected the argument that the record-review nature of an APA case excused the agency from complying with Rule 8(b), explaining that the Federal Rules require a defendant to respond to factual allegations by admitting, denying, or stating that it lacks sufficient information. No. 18-1632, 2018 WL 5297743, at *4–8 (E.D. La. Oct. 25, 2018). Here, requiring the Corps to respond to the Complaint would likewise serve the ordinary and important function of clarifying the parties' respective positions and narrowing the matters that remain disputed. For example, the Complaint alleges facts concerning how the Corps uses NWP 12 to authorize oil and gas pipelines and how the Corps tracks harm to waters of the United States and critical habitat for endangered species. Requiring the Corps to state whether it admits, denies, or lacks sufficient information to address those allegations—and to identify any affirmative defenses—would

clarify the Corps' position on matters within its knowledge and thereby allow the parties and the Court to focus on the issues that actually require resolution.

Defendants provide no authority establishing a rule in the D.C. Circuit permitting deviation from the pleading requirements of the Rules in APA review cases. *Compare HMO La., Inc. v. HHS*, 179 F.4th 62, 68 (D.C. Cir. 2026) ("Whether an agency action is arbitrary and capricious is a legal question 'generally made on the administrative record and resolved on summary judgment.'" (citing *Ctr. for Biological Diversity v. Zeldin*, 171 F.4th at 376), *with Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994) (disapproving of proceeding on motions for summary judgment in APA cases and requiring district courts reviewing agency action to "govern [themselves] by referring to the Federal Rules of Appellate Procedure."). And while the Tenth Circuit has held that an Answer is not necessary in some APA cases, that is not the law in the D.C. Circuit.

In fact, Local Civil Rule 7(n) makes clear that Answers *are* required in APA record review cases challenging federal agency actions in this district, since it ties the filing of the administrative record to the Answer (*i.e.*, the record must be filed 30 days after the Answer).

Finally, Defendants' argument overlooks the fact that courts reviewing APA claims may look outside the record in appropriate circumstances, *see, e.g.*, *Esch v. Yeutter*, 876 F.2d 976, 991–92 (D.C. Cir. 1989) ("We ourselves have had occasion to go outside the administrative record in order to evaluate a[n] [APA] claim[.]"), and that Plaintiffs have also brought a claim under the ESA citizen-suit provision, 16 U.S.C. 1540(g). *See* Complaint ¶¶ 18, 105, 148, ECF No. 1. Since ESA citizen-suit claims are not brought under the APA, *see Bennet v. Spear*, 520 U.S. 154, 171–75, 179 (1997), they are not subject to the APA's record limitation rule, and

Defendants' arguments regarding the necessity of an Answer in the context of APA claims are therefore inapposite for Plaintiffs' ESA citizen-suit claim.[3]

Consequently, Defendants must comply with the plain language of the pleading requirements set forth in the Rules, which require them to file an Answer to the Complaint.

## II. Defendants Have Failed to Provide a Compelling Reason to Waive the Answer or Extend the Answer Deadline to October 23.

In consideration of Defendants' "workload constraints," *see* Mot. at 2, 5, ECF No. 18, Plaintiffs have already accommodated Defendants by agreeing to an initial extension of the answer to October 5, 2026, *see* Unopposed Mot., ECF No. 14, and now offer a further extension to October 16, 2026, *see* Mot. at 3, ECF No. 18. The acquiesced extensions notwithstanding, Plaintiffs have a strong interest in moving this litigation forward expeditiously, since several oil and natural gas pipelines relying on authorization under the Corps' unlawful NWP 12 are already proceeding through verification and have already or imminently will begin construction in our Nation's waters, injuring the interests of Plaintiffs and their members. Accordingly, Plaintiffs cannot agree to multiple prolonged extensions, and intend to seek a briefing schedule that adheres as closely as possible to the timing contemplated under the rules.

As such, Plaintiffs share Defendants' stated interest in "efficient and expeditious resolution" of the case. *See* Mot. at 2, ECF No. 18. Yet, allowing Defendants to avoid their

---

[3] Courts have routinely found that judicial review of claims brought under the ESA citizen suit provision is not limited to the administrative record. *See, e.g.*, *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) (holding that the court "may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim"); *Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38, 45 (D.D.C. 2018) (holding that claims regarding ongoing violations of the ESA are not limited to the record, citing *Kraayenbrink*); *N. Plains Res. Council v. U.S. Army Corps of Eng'rs*, 454 F. Supp. 3d 985, 991 (D. Mont.), *amended*, 460 F. Supp. 3d 1030 (D. Mont. 2020) ("ESA's citizen suit provision allows the Court to consider evidence outside the administrative record in its review of Plaintiffs' ESA claim.").

obligation to answer the Complaint does little to promote efficiency here. Indeed, Answers often offer insight into ways in which parties may narrow the issues before the Court in advance of summary judgment briefing, which, as explained above, will likely resolve the claims in this case. There is therefore no reason for waiving the Answer, and the motion should be denied.

Finally, Defendants offer no compelling reason to further extend their Answer deadline to October 23, 2026. *See* Mot. at 2, 5, ECF No. 18. Defendants identify no conflicting obligations, scheduling constraints, or other concrete impediment to meeting the existing deadline. Instead, they point only to the number of paragraphs to which they must respond and number of pages in the complaints in this case and in the related case *Ala. Rivers Alliance v. U.S. Army Corps of Eng'rs*, No. 1:26-cv-02623-CKK (D.D.C.). *See* Mot. at 5, ECF No. 18. But the two complaints substantially overlap, and the Corps has litigated these same substantive issues on multiple prior occasions. Nor is responding to the Complaint an unusually onerous undertaking: Rule 8 requires only that Defendants admit, deny, or state that they lack sufficient information to admit or deny the allegations, and identify any affirmative defenses. *See* Fed. R. Civ. P. 8(b), (c). Therefore, Defendants' generalized reference to "workload constraints" does not establish good cause for the requested extension. The Court should therefore deny the requested extension to October 23, 2026, and require Defendants to respond within the existing deadline, or by the extended deadline of October 16, 2026, which Plaintiffs offered in compromise.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion for Relief from Duty to File Answer and from Local Rule 7(n)(1).

Dated: October 1, 2026

Respectfully submitted,

*/s/ Margaret E. Townsend*
Margaret E. Townsend (D.C. Bar No. OR0008)

Jared M. Margolis (admitted *pro hac vice*)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Friends of the Earth U.S.*

*/s/ Douglas Hayes*

Douglas Hayes (Colorado Bar No. 39216)
Sierra Club Environmental Law Program
1650 38th Street, Suite 103W
Boulder, CO 80301
(303) 449-5595
doug.hayes@sierraclub.org
*Pro hac vice admission pending*

*Attorney for Plaintiffs Sierra Club and Montana Environmental Information Center*

*/s/ Daniel E. Estrin*

Daniel E. Estrin (D.C. Bar No. NY0729)
Waterkeeper Alliance
180 Maiden Ln, Suite 902
New York, NY 10038
(212) 747-0622
destrin@waterkeeper.org

*Attorney for Plaintiff Waterkeeper Alliance*