**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

*Plaintiffs*,

v.

U.S. ARMY CORPS OF ENGINEERS, *et al.*,

*Defendants*,

and

AMERICAN GAS ASSOCIATION, *et al.*,

*Defendant-Intervenors.*

Civil Case No. 1:26-cv-02571-CKK

**PLAINTIFFS' RESPONSE TO KINDER MORGAN, INC.; TENNESSEE GAS PIPELINE COMPANY, L.L.C.; SOUTHERN NATURAL GAS COMPANY, L.L.C.; AND ELBA EXPRESS COMPANY, L.L.C.'s MOTION TO INTERVENE**

Plaintiffs Center for Biological Diversity, Sierra Club, Friends of the Earth, Waterkeeper Alliance, and Montana Environmental Information Center ("Plaintiffs"), hereby respectfully respond to Kinder Morgan, Inc.; Tennessee Gas Pipeline Company, L.L.C.; Southern Natural Gas Company, L.L.C.; and Elba Express Company, L.L.C.'s (collectively, "KMI") motion to intervene (Dkt. No. 25).

As noted in KMI's motion, Plaintiffs "oppose intervention as of right but do not oppose permissive intervention on the condition that [the prospective intervenors] confer with the [existing intervenors] and agree to either (1) file a single joint brief or (2) be subject to a combined briefing page limit." Dkt. No. 25, at 2. In its October 19, 2026, Minute Order, the Court stated that it "would benefit from hearing the reasons why Plaintiffs oppose intervention as of right." Plaintiffs provide the following explanation.

KMI correctly describes the test for intervention as of right: Pursuant to Federal Rule of Civil Procedure 24(a), an applicant has the right to intervene if (1) the application to intervene is timely; (2) the applicant demonstrates a legally protected interest in the action; (3) the action threatens to impair that interest; and (4) it is uncertain whether any existing party will be an adequate representative of the applicant's interests. Dkt. No. 25-1 at 5. Plaintiffs agree that the intervention motion is timely, that KMI has demonstrated a protected interest, and that the action may threaten that interest by forcing KMI to utilize the individual Clean Water Act Section 404 permit process rather than Nationwide Permit 12 ("NWP 12") for their pipeline construction projects.

However, intervention as of right is not warranted where the existing parties adequately represent the interests of the proposed intervenor. *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). Here, not only have Federal Defendants demonstrated that they will vigorously defend the legality of NWP 12, but the existing Defendant-Intervenor (the "NWP 12 Coalition") certainly adequately represents KMI's interests. The NWP 12 Coalition includes the American Gas Association ("AGA"), Interstate Natural Gas Association of America ("INGAA"), and the Liquid Energy Pipeline Association ("LEPA"), and all of the KMI companies now seeking to intervene are members of those industry groups.[1] Thus, as members of the NWP 12 Coalition,

---

[1] Kinder Morgan, Inc. is a member of all three of the NWP 12 Coalition associations. *See* Am. Gas Ass'n, *Our Members*, https://perma.cc/X3JF-E33W; Interstate Nat. Gas Ass'n of Am., *INGAA Member Companies*, https://ingaa.org/ingaa-member-companies/; Liquid Energy Pipeline Ass'n, *LEPA Members*, https://perma.cc/58DL-VWBZ. Tennessee Gas Pipeline, LLC, is owned by Kinder Morgan and is also a member of the AGA in its own right. *See* Tennessee Gas Pipeline Company, L.L.C., https://pipeportal.kindermorgan.com/PortalUI/DefaultKM.aspx?TSP=TGPD; Am. Gas Ass'n, *Our Members*, https://perma.cc/X3JF-E33W. The Southern Natural Gas Company, LLC, is co-owned by Kinder Morgan and Southern Company and is also a member of the AGA in its own right. *See* Kinder Morgan, *Natural Gas Pipelines*, https://www.kindermorgan.com/Operations/Natural-Gas/Index#tabs-interstate; Am. Gas Ass'n, *Our Members*, https://perma.cc/X3JF-E33W. Southern Company is a member of the

KMI's interests are already adequately represented in this matter and intervention as of right is not warranted.

Although KMI has stated that it has interests in specific pipeline projects identified in Plaintiffs' Complaint to establish Plaintiffs' standing, that does not provide a basis for intervention as of right for Plaintiff's facial challenge to NWP 12. KMI's argument that "permit holders have a legally protected interest that is sufficient to intervene as of right where the permit held is at issue in the lawsuit," Dkt. No. 25-1 at 6, is inapposite, given that KMI is not a "permit holder" of the general NWP 12 permit at issue here. By contrast, the Natural Gas Act, 15 U.S.C.S. § 717r(b), provides for direct review of all federal permits for FERC-regulated gas pipelines—including project-specific verifications for NWP 12—in the circuit courts, and no such permits are being challenged here.

Moreover, KMI acknowledges that "it is true that KMI and the NWP 12 Coalition share the same ultimate objective of upholding NWP 12," Dkt. No. 25-1 at 8, leaving no doubt that they share the same interests in the actual subject of this litigation. *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) ("Adequacy of representation must be assessed in relation to the specific purpose that intervention will serve."); *Ctr. for Food Safety v. EPA*, No. 23-CV-1633, 2024 WL 1299338, at *8–9 (D.D.C. Mar. 26, 2024) (denying intervention where industry trade association and industry party's interests "perfect[ly] overlap"). Importantly, nowhere does KMI provide any evidence indicating that the NWP 12 Coalition is not fully

---

AGA and INGAA. *See* Am. Gas Ass'n, *Our Members*, https://perma.cc/X3JF-E33W; Interstate Nat. Gas Ass'n of Am., *INGAA Member Companies*, https://ingaa.org/ingaa-member-companies/. The Elba Express Company, LLC, is owned by Kinder Morgan. Kinder Morgan, *Natural Gas Pipelines*, https://www.kindermorgan.com/Operations/Natural-Gas/Index#tabs-interstate.

capable of representing the interests of the members of its trade associations, including KMI's, in upholding NWP 12.

KMI has expressed the same reasons for intervening as the NWP 12 Coalition and has submitted an almost identical proposed Answer. To the extent KMI has information pertinent to this matter, they are fully capable of sharing such information with the NWP 12 Coalition. However, the fact that KMI are all members of the NWP 12 Coalition, with no substantive difference between their interests and those of the existing Defendant-Intervenor in the subject of this litigation, warrants denial of intervention as of right. *See Earthworks v. U.S. Department of Interior*, No. 09-CV-01972, 2010 WL 3063139, at *1 (D.D.C. Aug. 3, 2010) (denying intervention as of right for trade associations because their interests were indistinguishable from existing intervenors').

***

As noted, Plaintiffs do not oppose the Court granting permissive intervention to KMI. However, allowing additional parties to participate has the potential to drastically increase the amount of briefing, and a coalition of States has now also sought to intervene on behalf of Defendants. Dkt. No. 29. In the interests of judicial efficiency and to avoid prejudicing Plaintiffs by requiring Plaintiffs to respond to multiple duplicative briefs, the Court should condition KMI's permissive intervention (and all other interventions) on KMI adhering to the same conference requirement it included for the NWP 12 Coalition—i.e., that KMI confer with counsel for Federal Defendants and other intervenors before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated manner, and include a Certificate of Compliance with the conference requirement and a statement that the issues raised by KMI are not adequately covered by Defendants' or other intervenors.

However, since this would still allow KMI and the NWP 12 Coalition to file separate full-length briefs even though their interests are identical—and thereby essentially double the applicable page limits imposed under the Court's rules and potentially prejudice Plaintiffs by requiring them to respond to expansive arguments or necessitate Plaintiffs seeking an expanded page limit to respond to multiple intervenor briefs—Plaintiffs request that the Court further condition KMI's permissive intervention on filing joint briefs with the NWP 12 Coalition or sharing page limits. *See San Francisco Baykeeper v. U.S. Bureau of Reclamation*, No. 26-CV-0671, 2026 WL 1907202, at *5, *16 (E.D. Cal. July 2, 2026) (describing a "'divide and conquer' approach, where Federal Defendants and Defendant Intervenors sometimes split up the issues or offer slightly different approaches and arguments" which "has expanded the record significantly and caused delays in the Court's ability to address pending motions in this and other cases").

Requiring joint briefs and/or page limits is therefore warranted to ensure that Plaintiffs (and the Court) are not required to consider and respond to excessive briefing. And it is appropriate for the Court to impose such limitations at the time of intervention, since courts have authority—indeed "considerable discretion," *Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004)—to limit the involvement of an intervening party when granting permissive intervention under Rule 24(b). *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378, 382 (1987) (Courts have broad discretion including the ability to place "highly restrictive conditions" on permissive intervenors); *Cayuga Nation v. Zinke*, 324 F.R.D. 277, 283 (D.D.C. 2018) ("[D]istrict courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action."); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[P]ermissive intervention is an inherently discretionary enterprise."); 7C Wright & Miller's Federal Practice & Procedure § 1922 (3d ed.) ("Since the trial court has full discretion to

grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application. . . .”). Indeed, courts often do so. *See e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 14 (D.D.C. 2019) (providing a twenty-page limit for intervenor’s briefs); *Ctr. for Food Safety v. EPA,* No. 23-CV-1633, 2024 WL 1299338, at *5 (D.D.C. Mar. 26, 2024) (limiting intervenors to twenty-five and ten pages for opening and reply briefs); *San Francisco Baykeeper,* 2026 WL 1907202, at *15 (imposing a 7-page limit for intervenor’s briefs).

**CONCLUSION**

For the foregoing reasons, Plaintiffs oppose intervention as of right for KMI, and request that the Court condition any permissive intervention on KMI and the NWP 12 Coalition filing either a single joint brief or be subject to a combined briefing page limit in addition to the conference requirement.

Dated: October 22, 2026

Respectfully submitted,

*/s/ Jared Margolis*
Jared M. Margolis (admitted *pro hac vice*)
Margaret E. Townsend (D.C. Bar No. OR0008)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiffs Center for Biological Diversity and Friends of the Earth U.S.*

*/s/ Douglas Hayes*
Douglas Hayes (Colorado Bar No. 39216)
Sierra Club Environmental Law Program
1650 38th Street, Suite 103W
Boulder, CO 80301

(303) 449-5595
doug.hayes@sierraclub.org
*Pro hac vice admission pending*

*Attorney for Plaintiffs Sierra Club and Montana Environmental Information Center*

*/s/ Daniel E. Estrin*
Daniel E. Estrin (D.C. Bar No. NY0729)
Waterkeeper Alliance
180 Maiden Ln, Suite 902
New York, NY 10038
(212) 747-0622
destrin@waterkeeper.org

*Attorney for Plaintiff Waterkeeper Alliance*